STATE of Wisconsin, Plaintiff-Respondent,

v.

Kevin R. BOOTH, Defendant-Appellant.

Court of Appeals

*No. 87–0959–CR. Submitted on briefs November 5, 1987.—
Decided November 17, 1987.*

(Also reported in 418 N.W.2d 20.)

For defendant-appellant there were briefs by *Roy La Barton Gay,* of Eau Claire.

For plaintiff-respondent there was a brief by *Donald J. Hanaway,* attorney general, and *Christopher G. Wren,* assistant attorney general, *Wisconsin Department of Justice,* of Madison.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. Kevin Booth appeals the denial of a motion requesting the withdrawal of his guilty plea. Booth entered the plea to a charge of burglary, sec. 943.10(1)(a), Stats. At the sentencing hearing, the trial court "withheld sentencing" and placed Booth on three years' probation with conditions. Despite repeated subsequent violations, Booth remained on probation until revocation proceedings were initiated nearly two years after his original conviction. Three weeks after the commencement of revocation proceedings, Booth filed the motion to withdraw his guilty plea to the burglary charge.

Booth argues on appeal that the trial court abused its discretion by denying his motion. Essentially, Booth contends that the imposition of probation does not constitute sentencing and, therefore, the presentencing standard properly applies to the consideration of his motion to withdraw his plea. We conclude

that the imposition of probation constitutes sentencing for purposes of determining which standard to apply to the consideration of a guilty plea withdrawal motion. We affirm.

To withdraw a guilty plea after sentencing, the defendant must show that a manifest injustice would result if the withdrawal were not permitted. *State v. Reppin,* 35 Wis. 2d 377, 385–86, 151 N.W.2d 9, 13–14 (1967). In contrast, the request to withdraw a guilty plea prior to sentencing may be granted where the defendant presents a fair and just reason for doing so, unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea. *State v. McKnight,* 65 Wis. 2d 582, 592, 223 N.W.2d 550, 555 (1974).

In distinguishing between pre-sentencing and post-sentencing motions to withdraw guilty pleas, our supreme court expressly adopted standard 14–2.1 of the American Bar Association Standards Relating to Pleas of Guilty, Project on Minimum Standards for Criminal Justice.[1] *Reppin,* 35 Wis. 2d at 385–86, 151 N.W.2d at 13–14. This standard followed the post-sentencing "manifest injustice" test applied under the existing Rule 32(d) of the Federal Rules of Criminal Procedure, which applied when a defendant sought to withdraw a plea after sentence was imposed or imposition of sentence was suspended.

---

[1]*Reppin* adopted the February, 1967, tentative draft. In February, 1968, the ABA House of Delegates approved the tentative draft. The supreme court subsequently reaffirmed its adoption of sec. 14–2.1 and the approved draft in *Libke v. State,* 60 Wis. 2d 121, 125 n.3, 208 N.W.2d 331, 333 n.3 (1973). Except for stylistic modifications, the text of the standard remains the same today. *See* ABA, Pleas of Guilty, sec. 14–2.1 (2d ed. 1980).

Concurrent with the development of the guilty plea, the ABA project also developed standards regarding sentencing. Although the manifest injustice standard does not define the meaning of sentence, the sentencing standards specifically treat probation as a sentence:

> As used in these standards, the term "probation" means a sentence not involving confinement which imposes conditions and retains authority in the sentencing court to modify the conditions of the sentence or to resentence the offender if its conditions are violated.

ABA, Sentencing Alternatives and Procedures, sec. 18–2.3(a), at 71 (2d ed. 1980). The current commentary on the standard emphasizes that point:

> A principal purpose of paragraph (a) [of the standard] is to indicate that such dispositions, however denominated, should be considered "sentences" in themselves rather than only as a provisional holding category or a temporary substitute for "true" sentences of confinement. *Probation and similar dispositions are, and should be viewed as, sentences just like any other disposition following conviction.*

*Id.,* sec. 18–2.3, at 80 (emphasis supplied).[2]

---

[2]The commentary on the standard also notes that every United States jurisdiction currently has a statute under which the sentencing court is authorized to impose a sentence that does not entail confinement in an institution. ABA, Sentencing Alternatives and Procedures, commentary at 78 (citing, among others, Wis. Stat. Ann., secs. 973.09, *et seq.* (West 1971 and Cumm. Supp. 1979–80)).

We agree and adopt this logical, common sense treatment of probation as sentencing for purposes of the present case. Accordingly, we conclude that the withholding of sentence and the imposition of probation, as those terms are used by the courts, are functionally equivalent to sentencing for determining the appropriateness of plea withdrawal. Booth was therefore subject to the post-sentencing "manifest injustice" standard in the consideration of his motion to withdraw his guilty plea.

The burden of proof of manifest injustice is on the defendant, by clear and convincing evidence. *Reppin,* 35 Wis. 2d at 385, 151 N.W.2d at 13. The withdrawal of a guilty plea is not a "right," but is addressed to the sound discretion of the trial court and will be reversed only for an abuse of that discretion. *McKnight,* 65 Wis. 2d at 593, 223 N.W.2d at 556 (citing *United States v. Webster,* 468 F.2d 769, 771 (9th Cir. 1972), *cert. denied,* 410 U.S. 934 (1973)). The trial court does not abuse its discretion when the defendant fails to carry his burden. *See McKnight.*

Far from demonstrating a manifest injustice, Booth testified at the withdrawal hearing that, "I didn't think that I got the deal I wanted through the thing because I am not guilty of the crime ...." Booth's claim fails for several reasons. Significantly, disappointment in the eventual punishment imposed is no ground for withdrawal of a guilty plea. A defendant may not delay his motion until he has the opportunity to test the weight of potential punishment. *Dudrey v. State,* 74 Wis. 2d 480, 485, 247 N.W.2d 105, 108 (1976).

237

Booth's inexpedient assertion of innocence is similarly not dispositive. Although in a presentence withdrawal motion an assertion of innocence may be an important factor, *see id.,* we feel that normally the question of innocence need not be deeply pursued on a motion after sentencing. In the well-established case of *Friedman v. United States,* 200 F.2d 690, 696 (8th Cir. 1952), *cert denied,* 345 U.S. 926 (1953), it was stated:

> Upon such an application a trial court is not required to try the issue of guilt or innocence. The issue for determination is whether the plea of guilty was voluntarily, advisedly, intentionally and understandingly entered or whether it was, at the time of its entry, attributable to force, fraud, fear, ignorance, inadvertence or mistake such as would justify the court in concluding that it ought not to be permitted to stand. (Citations omitted.)

In the present case, Booth does not allege involuntariness or any factor that militates against the finding that he understood the meaning and effect of his plea. There is also no claim that the prosecutor failed to seek the concessions promised in the plea agreement. Indeed, Booth offers no relevant reasons why it was nearly two years after pleading guilty that he suddenly decided to withdraw his plea. Booth asserts ignorance of appellate procedure, yet that claim is rendered incredible by virtue of the trial court's careful outline of his appellate rights at the sentencing hearing as well as the fact that Booth had the advice of competent counsel at all times.

Booth's contention is virtually a claim of an absolute right to a jury trial to litigate a charge to

which he pleaded guilty two years previously. Booth must show some reason more than a mere desire two years later to have a trial. *See Dudrey,* 74 Wis. 2d at 486, 247 N.W.2d at 108. If a plea of guilty could be retracted with such ease, defendants would be encouraged to plead guilty and subsequently assert innocence in the event the sentence, or the consequences of probationary violations, proved to their disliking.

The Court in *Kercheval v. United States,* 274 U.S. 220, 223–24 (1927), stated: "Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences. When one so pleads, he may be held bound."

The record abundantly supports the trial court's finding on February 20, 1985, that Booth freely, voluntarily, and intelligently entered the plea of guilty with assistance of counsel and with the candid admission of all the essential elements of the bargain in open court. Booth made a deliberate and measured choice. It was only after revocation proceedings were initiated that Booth asserted his innocence and sought to withdraw his plea. The trial court did not abuse its discretion by refusing to permit him to withdraw it.

*By the Court.*—Judgment and order affirmed.