State of Wisconsin, Plaintiff-Respondent,
v.
William H. Moody, Defendant-Appellant.
No. 03-1049-CR.
Court of Appeals of Wisconsin.
Opinion Filed: March 10, 2004.
Before Anderson, P.J., Brown and Snyder, JJ.
¶1. PER CURIAM.
William Moody appeals from the judgment of conviction entered against him and the order denying his motion for postconviction relief. He argues that the trial court erred: (1) when it concluded that he did not receive ineffective assistance of counsel; (2) when it denied his motion to withdraw his pleas; (3) when it refused to grant his motions to adjourn; and (4) when it did not consider the reduction in parole grants to be a new factor warranting sentence modification.
¶2. Moody was represented by four different counsel between the time he was arrested and sentenced. His first counsel moved to withdraw.[1] His second counsel also moved to withdraw, this time at Moody's request. His third counsel did not appear for a court hearing. The court ordered the State Public Defender to appoint new counsel when both Moody and the State said they had not had contact with him. Finally, Attorney Jennifer Thompson was appointed to represent him. She was appointed about six weeks before the date set for trial.
¶3. Thompson moved for and received a competency evaluation for Moody. Moody was found to be competent to stand trial. Thompson also moved twice to have the trial adjourned. The trial court denied these motions finding, in part, that Moody had been manipulating the system in an attempt to get an adjournment.
¶4. Eventually, Moody pled no contest to two counts of attempted first-degree homicide, and one count each of kidnapping, burglary while armed, and felon in possession of a firearm. The court sentenced him to thirty years on the first count of attempted homicide, thirty years to be served consecutively on the burglary, twenty years to be served concurrently on the second attempted homicide and the kidnapping charge, and two years on the felon in possession charge, also concurrent. Moody moved for postconviction relief asking that he be allowed to withdraw his pleas because they were not knowingly, intelligently, and voluntarily entered, he had received ineffective assistance of trial counsel, and the trial court erred when it refused to grant him an adjournment. Moody also moved for sentence modification.
¶5. The court held a Machner[2] hearing and concluded that Moody had not received ineffective assistance of counsel nor established a manifest injustice which would entitle him to withdraw his pleas. The court held a second hearing. It granted his motion to modify the sentence imposed on count two on the grounds that the reduction in the frequency with which parole is granted was close enough to a new factor. The court denied his request to have count two run concurrent to count one. The court reduced his sentence on the burglary charge from thirty to twenty years, thereby reducing his total sentence from sixty years to fifty.
¶6. Moody's first argument is that he received ineffective assistance of trial counsel. He asserts that trial counsel was ineffective because: (1) she did not identify and retain a ballistics expert; (2) she did not sufficiently explore pursuing an intoxication or mental disease defect; (3) she did not interview enough potential witnesses; and (4) she did not seek an interlocutory appeal when the trial court denied her motions for adjournment. Intertwined with these specific arguments is Moody's assertion that counsel could not adequately prepare for trial in six weeks.
¶7. To establish an ineffective assistance of counsel claim, a defendant must show both that counsel's performance was deficient and that he or she was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). A reviewing court may dispose of a claim of ineffective assistance of counsel on either ground. If this court concludes that the defendant has failed to prove one prong, we need not address the other prong. Id. at 697. To prove prejudice, a defendant must show that counsel's errors were so serious that the defendant was deprived of a fair trial and a reliable outcome. Id. at 687. We review the denial of an ineffective assistance claim as a mixed question of fact and law. Id. at 698. We will not reverse the trial court's factual findings unless they are clearly erroneous. However, we review the two-pronged determination of trial counsel's performance independently as a question of law. State v. Johnson, 153 Wis. 2d 121, 128, 449 N.W.2d 845 (1990).
¶8. We conclude that Moody is not able to establish either prong of the Strickland test. Moody first asserts that counsel was ineffective because she failed to obtain a ballistics expert. First, the record demonstrates that she diligently pursued obtaining such an expert, but was unable to do so. Second, and more importantly, Moody has not suggested how the ballistics expert would have helped his defense. Without such an explanation, Moody is not able to show either that counsel's performance was deficient or that he was prejudiced by it.
¶9. Moody also asserts that counsel was ineffective because she failed to pursue an intoxication or mental defect defense. As to the mental defect defense, counsel requested and received a competency examination of Moody. He was found to be competent. She did pursue such a defense and it did not work out. This was neither deficient nor prejudicial performance.
¶10. As to pursuing an intoxication defense, the State argues that this would have been inconsistent with what the defense counsel chose to pursue. We agree. Moody's defense was that he did not intend to kill the victim. He testified that he had been drinking, but he never stated that he did not know what he was doing. A defense that he was too intoxicated to know what he was doing would have explicitly contradicted his defense that he did not intend to kill her, and would have implicitly contradicted his testimony about the specific events. Again, we conclude that Moody has not established that his trial counsel's performance was deficient.
¶11. Moody further argues that counsel was ineffective for failing to interview all of the witnesses on the State's list. Counsel testified at the Machner hearing that she went over the list of witnesses with Moody and none of them appeared to have information which was likely to help Moody's defense. She did talk to several witnesses who she thought might provide helpful information. Again, Moody does not suggest what helpful information these other witnesses might have provided. We cannot conclude that counsel's performance was deficient.
¶12. The fourth basis on which Moody asserts that his trial counsel was ineffective is that she did not seek interlocutory appeals when the court denied her requests for adjournments. She testified at the Machner hearing that she did not pursue interlocutory appeals because she did not think that she could win. Further, in denying the motions, the circuit court made it quite clear that it was frustrated with what it perceived to be Moody's attempts to delay the proceedings. Trial counsel concluded that it would be better to concentrate her efforts on preparing for trial rather than pursuing an appeal she did not think she could win. Under these circumstances, we agree that this was a reasonable strategy. Once again, we conclude that Moody has not demonstrated that counsel's performance was deficient.
¶13. We further reject Moody's underlying contention that counsel could not adequately prepare for trial in the time she had available. Moody has not shown that his counsel was not able to properly prepare in that amount of time, nor are we willing to conclude that six weeks is per se unreasonable. Moody has not established that he received ineffective assistance of trial counsel.
¶14. Moody next argues that the trial court erred when it refused to allow him to withdraw his plea. After sentencing, a plea may be withdrawn only if doing so is necessary to correct a manifest injustice. State v. Booth, 142 Wis. 2d 232, 235, 418 N.W.2d 20 (Ct. App. 1987). A defendant has the burden of proving a manifest injustice by clear and convincing evidence. State v. Bentley, 201 Wis. 2d 303, 311, 548 N.W.2d 50 (1996). The manifest injustice test can be satisfied by a showing that the defendant received ineffective assistance of counsel. Id.
¶15. Moody asserts that his plea was not knowingly, intelligently, and voluntarily entered because he was "misinformed as to the extent of counsel's lack of preparation for trial," his pleas were coerced because he was told he had no options, and he was incorrectly advised about the possibility of parole being granted. We have already concluded that he did not receive ineffective assistance of counsel and rejected his argument that counsel was not prepared. Further, counsel testified that she did not tell him he had no options, but rather that she said in light of the State's evidence, his defense would be difficult to prove. Further, at the plea hearing the court specifically asked Moody if anyone had forced, threatened, or coerced him into entering the plea. Moody answered no. Again we find no merit to this argument.
¶16. The third basis Moody asserts for being allowed to withdraw his plea is that he was incorrectly advised about the likelihood that he would be granted parole. Again, there is simply no support in the record for this assertion. We conclude that the circuit court properly determined that Moody was not entitled to withdraw his pleas.
¶17. Next Moody argues that the trial court erred when it refused to grant his motions for adjournment. Although we agree with the State that Moody waived the right to challenge these orders when he entered his plea, we will nonetheless address the issue on the merits. The decision whether to grant an adjournment is left to the trial court's discretion. State v. Leighton, 2000 WI App 156, ¶27, 237 Wis. 2d 709, 616 N.W.2d 126. Moody argues that this was error because counsel could not prepare and present a defense and obtain a ballistics expert. One of the factors to be considered by the court is whether the delay is for "legitimate reasons or whether its purpose is dilatory." Id. at ¶28. In this case, the trial court found that Moody had been manipulating the system in order to delay his trial. Further, we have already concluded that counsel had adequate time to prepare and that Moody has not established how a ballistics expert would have helped his defense. We conclude that the court did not erroneously exercise its discretion when it denied the requests for adjournments.
¶18. Moody's final argument is that the circuit court erred in not considering the "radical reduction in parole grants to be a new factor" warranting sentence modification. This argument is puzzling in light of the circuit court's postconviction decision to reduce the sentence on count two from thirty to twenty years. The circuit court did this because it found that the reduction in the frequency with which parole has been granted was sufficiently close to a new factor to warrant reduction. Moody does not acknowledge this reduction, but appears to be arguing that the court should have reduced his sentence even more. Moody has not established that he is entitled to any further reduction in his sentence.
¶19. For the reasons stated, we affirm the judgment and order of the circuit court.
By the Court.Judgment and order affirmed.
NOTES
[1] Moody's first counsel moved to withdraw because he thought he might be a witness against Moody or his girlfriend.
[2] State v. Machner, 92 Wis.2d 797, 285 N.W.2d 905 (Ct. App. 1979).