State of Wisconsin, Plaintiff-Respondent,
v.
Paul C. Wozny, Defendant-Appellant.
No. 03-1252-CR.
Court of Appeals of Wisconsin.
Opinion Filed: March 31, 2004.
Before Anderson, P.J., Brown and Nettesheim, JJ.
¶ 1. PER CURIAM.
Paul C. Wozny appeals from the judgment of conviction entered against him and from the order denying his motion for postconviction relief. He argues that he is entitled to withdraw the no contest pleas he entered because his pleas were not knowingly, intelligently, and voluntarily entered, and he did not understand the elements of the offenses. Because we conclude that Wozny entered his plea knowingly, intelligently, and voluntarily, we affirm.
¶ 2. Wozny pled no contest to one count each of first-degree sexual assault of a child, causing a child to expose a sex organ, and repeated sexual assault of the same child. Six additional counts were dismissed and read in. The court sentenced him to a total of twenty-five years of initial confinement and forty-five years of extended supervision.[1] After sentencing, Wozny moved to withdraw his pleas. He argued that the plea colloquy conducted by the trial court was not adequate. Specifically he argued that the trial court did not have a personal colloquy with him to ensure that he understood the elements of the crime, and that the trial court did not advise him that it was not bound by the plea agreement.
¶ 3. The court held a hearing and Wozny testified. At the conclusion of the hearing, the court questioned Wozny's testimony. The court noted that Wozny was intelligent and educated. The court further explained that while Wozny had opportunities during the plea hearing, prior to sentencing, and at sentencing, to let the court know that he did not understand what was going on, he had not done so. The court further found that Wozny had waited until after the court imposed a sentence that was longer than the one he wanted, to say he did not understand. The court stated: "If he had gotten less, or what they asked for, I have a sneaky feeling that we wouldn't be here today." The court then went on to review the record to show that Wozny understood the elements of the offenses before he entered his plea. The court found that it had adequately explained to Wozny that it was not bound by the terms of the plea agreement. The court then denied the motion. Wozny renews his arguments in this appeal, and asks to be allowed to withdraw his pleas.
¶ 4. After sentencing, a plea may be withdrawn only if doing so is necessary to correct a manifest injustice. State v. Booth, 142 Wis. 2d 232, 235, 418 N.W.2d 20 (Ct. App. 1987). A defendant has the burden of proving a manifest injustice by clear and convincing evidence. State v. Bentley, 201 Wis. 2d 303, 311, 548 N.W.2d 50 (1996). A plea will be considered manifestly unjust if it was not entered knowingly, voluntarily and intelligently. State v. Giebel, 198 Wis. 2d 207, 212, 541 N.W.2d 815 (Ct. App. 1995).
¶ 5. Wozny first argues that the trial court did not comply with State v. Bangert, 131 Wis. 2d 246, 268-69, 389 N.W.2d 12 (1986), because the court did not properly determine whether he understood the elements of the crimes charged. In Bangert, the court offered a non-exhaustive list of methods a trial court may use to determine the defendant's understanding. Id. at 266-72. One is for the court to summarize the elements of the offense by reading the jury instructions. Id. Another is for the court to ask counsel if she or he explained the elements to the defendant and to ask counsel to summarize that explanation. Id. at 268. The third is for the court to review relevant portions of the record or other evidence to establishing the defendant's understanding. Id. The court may also use the plea questionnaire to determine the defendant's understanding. State v. Moederndorfer, 141 Wis. 2d 823, 827, 416 N.W.2d 627 (Ct. App. 1987).
¶ 6. The trial court here asked Wozny whether his counsel had explained all the elements of each of the offenses to him. Wozny responded that counsel had. Attached to the plea questionnaire were the jury instructions for the offenses charged. The court asked Wozny if he had read, signed, and understood the questionnaire. Wozny replied that he had. At the hearing on Wozny's motion for postconviction relief, his trial counsel testified that he had discussed the elements of the offense with Wozny. Based on this record, we conclude that Wozny understood the elements of the offenses to which he pled.
¶ 7. Wozny next argues that the trial court did not personally inform him that it was not bound by the terms of the plea agreement, and consequently that he is entitled to withdraw his pleas. In State v. Hampton, 2002 WI App. 293, ¶ 11, 259 Wis. 2d 455, 655 N.W.2d 131, review granted, 2003 WI 16, 259 Wis. 2d 100, 657 N.W.2d 706 (Wis. Feb. 19, 2003) (No. 01-0509-CR), this court held that the trial court "must personally inform defendants that courts are not bound by plea agreement terms." The court went on to say, however, that "magic words" are not required. Id. at ¶ 16. The court must personally convey "in any manner" the information that it is not bound by the plea agreement. Id.
¶ 8. The record in this case establishes that the trial court asked: "Do you understand that I am not bound by any promises or threats anyone has made to you?" Wozny replied that he understood. We conclude, therefore, that while the trial court did not specifically say "do you understand that the court is not bound by the plea agreement," the words it did use conveyed the same meaning. Consequently, we conclude that the court personally conveyed the information during the plea colloquy in satisfaction of the Hampton rule.
¶ 9. Even if we were to conclude that those words were not adequate, however, Wozny still would not be entitled to withdraw his pleas. Once a defendant establishes that the court's colloquy was not adequate, the burden switches to the State to demonstrate that the defendant understood he was not bound by the agreement. Id. at ¶¶ 15, 26. The State presented such evidence at the postconviction hearing. The State showed that the plea questionnaire which Wozny signed stated that "I understand that the judge is not bound by any plea agreement and recommendations and may impose the maximum penalty." Further, Wozny's counsel testified at the postconviction hearing that he explained to Wozny that the judge was not bound by the recommendation and could impose a higher sentence. While Wozny testified that he thought the court was bound by the agreement, the trial court found Wozny's testimony to be incredible. We conclude that Wozny is not entitled to withdraw his plea. For the reasons stated, we affirm the judgment and order of the circuit court.
By the Court.  Judgment and order affirmed.
NOTES
[1] Specifically, the court sentenced him to ten years of initial confinement and fifteen years of extended supervision for the first-degree sexual assault; five years of initial confinement and fifteen years of extended supervision, to be served consecutively, for the exposing count; and ten years of initial confinement and fifteen years of extended supervision, also to be served consecutively, on the final count.