State of Wisconsin, Plaintiff-Respondent,
v.
Frank E. Mallett, Defendant-Appellant.
No. 04-0401.
Court of Appeals of Wisconsin.
Opinion Filed: December 21, 2004.
Before Wedemeyer, P.J., Fine and Kessler, JJ.
¶1 PER CURIAM.
Frank E. Mallett appeals pro se from an order denying his motion to withdraw his plea or, in the alternative, for resentencing or sentence modification. Mallett argues he is entitled to withdraw his plea because he contends: (1) his Miranda[1] rights were violated; (2) trial counsel failed to request a competency hearing; and (3) his plea was not knowingly and voluntarily entered because he did not understand the consequences of his plea and that he could reject the State's plea offer. In the alternative, Mallett seeks resentencing or sentence modification. We reject Mallett's arguments and affirm the order denying his motion.

BACKGROUND
¶2 Mallett pled guilty to one count of first-degree reckless homicide while armed with a dangerous weapon in connection with the death of Michael Smith. The trial court sentenced Mallett to an indeterminate term of thirty years of imprisonment in the state prison system.[2] Mallett appealed his sentence, arguing it was harsh and unconscionable. We affirmed his conviction, concluding that the sentenced imposed was not harsh or excessive. See State v. Mallett, No. 99-2882-CR, unpublished slip op. (WI App Nov. 7, 2000). His petition for review to the Wisconsin Supreme Court was denied. See State v. Mallett, No. 99-2882-CR, unpublished slip op. (WI Apr. 5, 2001).
¶3 In May 2001, Mallett filed a pro se motion to modify his sentence, once again on grounds that the sentence was unduly harsh. The trial court denied the motion, finding that it was untimely and repetitive.[3] Mallett did not appeal. Mallett subsequently filed four motions seeking access to his presentence investigation report. Each was denied.[4] Mallett did not appeal.
¶4 In January 2004, Mallett filed the motion that is the subject of this appeal. He sought to withdraw his plea or, in the alternative, resentencing or sentence modification. The trial court denied the motion without a hearing and this appeal followed.

DISCUSSION

I. Legal standards
¶5 Whether a defendant's postconviction motion alleges sufficient facts to entitle the defendant to a hearing for the relief requested is a mixed standard of review. State v. Allen, 2004 WI 106, ¶9, ___ Wis. 2d ___, 682 N.W.2d 433. First, this court determines whether the motion on its face alleges sufficient material facts that, if true, would entitle the defendant to relief. Id. This is a question of law that we review de novo. Id. If the motion raises such facts, the trial court must hold an evidentiary hearing. Id. "However, if the motion does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the [trial] court has the discretion to grant or deny a hearing." Id. We review a trial court's discretionary decisions under the deferential erroneous exercise of discretion standard. Id.

II. Withdrawal of guilty plea
¶6 Mallett argues that he is entitled to withdraw his guilty plea because he contends his Miranda rights were violated, trial counsel should have questioned his competency and his plea was not knowingly and voluntarily entered. Although these claims generally would be procedurally barred because Mallett failed to raise them in his original postconviction appeal, see State v. Escalona-Naranjo, 185 Wis. 2d 168, 177-78, 517 N.W.2d 157 (1994), Mallett attempts to circumvent Escalona-Naranjo by arguing that his trial counsel was ineffective for failing to file a Miranda-Goodchild[5] motion, failing to raise the question of his competency, and not fully explaining his rights to reject the State's plea offer. He further argues his appellate counsel was ineffective for failing to argue ineffective assistance of trial counsel and that Mallett's plea was not knowingly and voluntarily entered. Assuming that Mallett is not procedurally barred from raising these issues, see State ex rel. Rothering v. McCaughtry, 205 Wis. 2d 675, 681-82, 556 N.W.2d 136 (Ct. App. 1996), we nonetheless conclude that the trial court properly denied Mallett's motion.
¶7 Generally, "[a] guilty plea, made knowingly and voluntarily, waives all nonjurisdictional defects and defenses, including alleged violations of constitutional rights prior to the plea." State v. Aniton, 183 Wis. 2d 125, 129, 515 N.W.2d 302 (Ct. App. 1994). "The withdrawal of a guilty plea is not a `right,' but is addressed to the sound discretion of the trial court and will be reversed only for an [erroneous exercise] of that discretion." State v. Booth, 142 Wis. 2d 232, 237, 418 N.W.2d 20 (Ct. App. 1987). After sentencing, the defendant is required to show "that a manifest injustice would result if the withdrawal were not permitted." Id. at 235. That showing must be by clear and convincing evidence, and the burden of proof is on the defendant. Id. at 237. A plea that is not knowingly, voluntarily or intelligently entered is a manifest injustice. State v. Giebel, 198 Wis. 2d 207, 212, 541 N.W.2d 815 (Ct. App. 1995).

A. Alleged Miranda violation
¶8 Mallett argues that he is entitled to withdraw his guilty plea because his Miranda rights were violated and his trial counsel was ineffective for failing to file a Miranda-Goodchild motion. In cases where a defendant alleges ineffective assistance of counsel and the defendant's conviction is based on a guilty plea, "the defendant seeking to withdraw his or her plea must allege facts to show `that there is a reasonable probability that, but for the counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" State v. Bentley, 201 Wis. 2d 303, 312, 548 N.W.2d 50 (1996) (citation omitted). In his motion to the trial court, Mallett failed to assert, much less explain, why he would not have pleaded guilty if a Miranda-Goodchild motion had been filed. On appeal, he again argues that his rights were violated, but offers no argument that "`but for the counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" See Bentley, 201 Wis. 2d at 312 (citation omitted). Because Mallett's motion failed to allege sufficient material facts that, if true, would entitle the defendant to relief, see Allen, 682 N.W.2d 433, ¶9, Mallett was not entitled to an evidentiary hearing and the trial court did not erroneously exercise its discretion when it denied Mallett's motion.

B. Mallett's competency
¶9 Mallett contends that he is entitled to withdraw his plea because his trial counsel failed to request a competency evaluation and hearing, and the trial court failed to order them sua sponte. A person is incompetent to proceed if he or she "lacks substantial mental capacity to understand the proceedings or assist in his or her own defense." WIS. STAT. § 971.13(1) (2001-02).[6] WISCONSIN STAT. § 971.14 requires a court to order a competency hearing "whenever there is reason to doubt a defendant's competency to proceed." State v. Weber, 146 Wis. 2d 817, 823, 433 N.W.2d 583 (Ct. App. 1988). Before the defendant's competency at the time of the proceedings must be considered, however, there must be some evidence raising doubt as to his or her competence, or a motion setting forth grounds for the belief competency is lacking. State v. McKnight, 65 Wis. 2d 582, 595, 223 N.W.2d 550 (1974).
¶10 In his motion, Mallett alleged that trial counsel should have requested a competency hearing because trial counsel knew Mallett was on several medications (i.e., Haldol, Cogentin and Benadryl) and had received psychiatric care. However, "[n]ot every mentally disordered defendant is incompetent; the court must consider the degree of impairment in the defendant's capacity to assist counsel and make decisions which counsel cannot make for him or her." State v. Byrge, 2000 WI 101, ¶48 n.21, 237 Wis. 2d 197, 614 N.W.2d 477 (quoting Judicial Council Committee Note, 1981, WIS. STAT. § 971.13(1)).
¶11 Mallett asserts that because he was on the medications, he "was not able to understand or object to the proceeding" because the medications "impaired [his] thinking." This assertion alone is insufficient evidence to entitle Mallett to relief. See State v. Washington, 176 Wis. 2d 205, 214, 500 N.W.2d 331 (Ct. App. 1993) ("A conclusory allegation of `manifest injustice,' unsupported by any factual assertions, is legally insufficient."). Rather, Mallett is required to point to some evidence in the record or offer some additional proof that at the time of his plea, he was not able to understand the proceedings or assist in his defense. He offers only assertions and copies of some medical records. In its written decision, the trial court specifically found that "[t]he medical reports submitted by the defendant in support of his motion do not establish that he was incompetent to proceed with the entry of a guilty plea on April 29, 1999." This finding is not clearly erroneous.
¶12 Like the trial court, we have reviewed the transcripts of the guilty plea. We agree with the trial court that there is nothing to suggest Mallett did not understand the proceedings. As the trial court noted, "[t]he plea transcript is replete with intelligent and coherent responses from the defendant." Mallett answered the trial court's questions appropriately. He told the trial court he had read the plea questionnaire himself. He indicated that he was taking several medications and, in answer to the trial court's question, told the court that he takes the medications to "calm my nerves." At no time did Mallett suggest he was confused or unable to understand the proceedings.
¶13 One month later, Mallett appeared for sentencing. Neither Mallett nor his counsel suggested that Mallett had any trouble understanding the proceedings, and he did not seek to withdraw his plea or suggest in any way that he wanted to do so. Mallett's attorney gave a detailed account of Mallett's perspective concerning the crime, indicating that Mallett had spoken with counsel about the incident. Mallett also addressed the court at sentencing, offering an apology to the family and stating that he wished he had been the victim. Nothing in the transcript suggests that Mallett had trouble understanding the proceedings or assisting in his defense.[7]
¶14 Mallett has offered only a bald assertion that there was a basis for his trial counsel to suspect Mallett was incompetent. This assertion, especially in light of a record that illustrates his understanding of the proceedings and his apparently rational participation in them, is insufficient to entitle him to a hearing or relief. The trial court did not erroneously exercise its discretion when it denied Mallett's motion.

C. Whether Mallett's plea was knowing and voluntary
¶15 Mallett argues that his plea was not knowing and voluntary because he "did not understand the law in relation to the facts" and "was not aware of the consequences of making such plea." He further argues that he did not understand that he could reject the State's plea offer. "It is well established that a criminal defendant must enter a plea of guilty or no contest knowingly, voluntarily, and intelligently." Byrge, 237 Wis. 2d 197, ¶57. "When a defendant is not aware of the potential punishment, the plea is not entered knowingly, voluntarily, and intelligently, and the result is a manifest injustice." Id.
¶16 Mallett's motion failed to provide sufficient proof of this allegation to justify a hearing or relief. Other than simply stating so, Mallett offers no evidence or affidavits in support of his contention that he did not understand the consequences of his plea. The record belies his assertions. At the plea hearing, Mallett told the court that he had had enough time to consult with his attorney, that he had read the plea questionnaire himself, and that he had had three years of college education. He disclosed the medications he was taking and affirmatively represented that they did not affect his judgment. The trial court went through Mallett's rights with him, and each time, Mallett indicated that he understood the rights he was giving up. He also answered "no" when asked whether he had been made to plead or coerced to do so. Nothing in the transcript suggests Mallett lacked any understanding of the consequences of his plea. Without more, Mallett has failed to provide sufficient evidence of "manifest injustice" to justify an evidentiary hearing or relief. The trial court did not erroneously exercise its discretion when it denied the motion.

III. Request for sentence modification
¶17 In the alternative, Mallett seeks sentence modification.[8] The supreme court in State v. Franklin, 148 Wis. 2d 1, 434 N.W.2d 609 (1989), summarized the sentence modification process:
Sentence modification involves a two-step process in Wisconsin. First, the defendant must demonstrate that there is a new factor justifying a motion to modify a sentence. A new factor ... is "a fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties." Whether a fact or set of facts constitutes a new factor is a question of law which may be decided without deference to the lower court's determinations.
If a defendant has demonstrated the existence of a new factor, then the circuit court must undertake the second step in the modification process and determine whether the new factor justifies modification of the sentence. This determination is committed to the [trial] court's discretion and will be reviewed under an [erroneous exercise] of discretion standard.
Id. at 8 (citations omitted).
¶18 The trial court concluded that Mallett's motion failed to set forth the existence of a new factor for purposes of sentence modification. We have likewise been unable to identify any alleged new factors, either from the record or from Mallett's motion. Rather, Mallett seeks sentence modification as an alternative remedy for the alleged errors that we addressed earlier. Because Mallett's motion fails to allege new factors which, if true, would frustrate the purpose of the original sentence, the trial court correctly denied Mallett's motion.
By the Court.  Order affirmed.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436 (1966).
[2] This crime occurred on January 15, 1999, before the truth-in-sentencing law took effect. The Honorable Mel Flanagan accepted Mallet's plea, found him guilty and pronounced sentence.
[3] The Honorable Bonnie Gordon denied the motion.
[4] The Honorable Bonnie Gordon considered one of the motions; the Honorable Daniel Konkol decided the others.
[5] State ex rel. Goodchild v. Burke, 27 Wis. 2d 244, 133 N.W.2d 753 (1965).
[6] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[7] In his sentencing allocution, Mallett apologized to the victim's family. In the context of describing his remorse, he mentioned how it hurts him to have sleepless nights dreaming about the incident. He said that he hears voic es and probably will need psychiatric care for the rest of his life. Nothing else in the record, either before or after sentencing, suggests any serious mental illness at the time of the offense or at the time of the guilty plea.
[8] In his motion, Mallett indicated that he seeks resentencing or sentence modification. On appeal, he offers no argument with respect to his request for resentencing. We decline to develop his argument for him and will not address it further. See State v. Pettit, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (We need not consider arguments which are undeveloped or unsupported by references to relevant legal authority.).