# COURT OF APPEALS
## DECISION
## DATED AND FILED

## July 28, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

| | |
|---|---|
| **Appeal No. 2019AP1770-CR** | Cir. Ct. No. 2016CF4422 |
| **STATE OF WISCONSIN** | **IN COURT OF APPEALS**<br>**DISTRICT I** |

STATE OF WISCONSIN,

      PLAINTIFF-RESPONDENT,

  V.

BRIAN ANTHONY TAYLOR,

      DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Milwaukee County: JEFFREY A. WAGNER, Judge. *Judgment affirmed.*

Before Brash, P.J., Dugan and Donald, JJ.

¶1    DONALD, J. Brian Anthony Taylor appeals a judgment of conviction, following a no contest plea, to one count of child enticement.[1]  We affirm.

## BACKGROUND

¶2    On September 26, 2016, Taylor was charged with one count of repeated sexual assault of a child.  According to the criminal complaint, the victim, A.B., "made a disclosure at her after-school program" that her mother's boyfriend was sexually assaulting her.  A.B. was six years old at the time.

¶3    Taylor ultimately pled no contest, but not before conflicting with three appointed attorneys.  On the morning the matter was scheduled for trial—after numerous adjournments—the State informed the circuit court that it amended the charge to one count of child enticement.  The State informed the circuit court that upon Taylor's guilty or no contest plea, the State would recommend a fifteen-year sentence to run concurrent to the revocation sentence Taylor was already serving.  Taylor's defense counsel—his fourth at that point—informed the circuit court that Taylor intended to plead no contest.  The circuit court then proceeded with the colloquy and the following exchange occurred:

> The Court: So you understand then what the amended information says, what the penalty is, and you understand the [c]ourt's not bound by any negotiations or plea bargains?  Do you understand that?

---

[1]  Taylor's notice of appeal states that he is appealing the judgment of conviction and the order denying his postconviction motion.  Taylor filed a postconviction motion, pursuant to WIS. STAT. RULE 809.30 (2017-18), asking the circuit court to allow him to withdraw his no contest plea on the basis of ineffective assistance of counsel.  Taylor does not argue ineffective assistance of counsel on appeal.  Accordingly, we do not address the order denying the postconviction motion.

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

The Defendant: Yes, sir.

The Court: And that you'd have to file as a sex offender. You're 34 years old, right?

The Defendant: Yes.

The Court: And are you currently receiving treatment for a mental illness?

The Defendant: Yes, I am.

The Court: And you're receiving medication?

The Defendant: Yes, I am.

The Court: That does not impair your ability to understand what we're doing here, does it?

The Defendant: I mean - -

The Court: You understand everything?

The Defendant: In a way I do because I haven't took my meds in, like, two days[] so - -

The Court: Pardon? But you understand - - you understand what we're doing though, right?

The Defendant: Yes.

The Court: You understand that you're pleading no contest to the amended charge?

The Defendant: Yes. She broke it down to me.

The Court: And you understand that, right?

The Defendant: Yes, sir.

Defense counsel explained that Taylor missed one dose of his antidepressant, but that Taylor understood the terms and implications of the plea and that his cognition was not compromised.

¶4    Approximately three weeks later, but prior to sentencing, Taylor moved to withdraw his plea. Taylor alleged that a "fair and just" reason for plea

3

withdrawal existed because he did not take his medication on the day he entered his plea, resulting in a hasty and confused decision to plead no contest. Taylor also alleged that he did not adequately consult with defense counsel and that he contacted counsel the week after entering his plea to discuss his "mistake."

¶5 As relevant to this appeal, the State opposed the motion, arguing that numerous trial delays were the result of Taylor's multiple dismissals of defense counsel, and that plea withdrawal would substantially prejudice the State.

¶6 At a hearing on the motion, Taylor testified that he felt pressured and rushed by defense counsel when he made the decision to plead no contest. He testified that he had not taken his Prozac that day and did not realize that he made a mistake until he returned to his cell and took his medication.

¶7 Defense counsel testified that on the day before trial, she met with Taylor at the jail for an "hour and a half, two hours maybe." During that time she "spoke with him at length about the possibility of" a modified plea offer from the State. The following morning—the morning of trial—defense counsel told Taylor that the State was willing to amend the charge to a lesser felony and recommend a sentence of six years' initial confinement and nine years' extended supervision. Defense counsel also informed Taylor that the State's witnesses, including the victim, were present. Defense counsel stated that Taylor asked counsel to request that the State recommend a concurrent sentence and that Taylor expressed concern about the victim's testimony. The State agreed to recommend a concurrent sentence, but defense counsel testified that Taylor had "a lot of questions. He was very concerned that I wasn't able to predict what the victim was going to say. And that was something that was up in the air for I think everybody." Defense counsel testified that she spent a lot of time with Taylor answering his various questions, but

that she was unable to answer questions that would require her to predict the victim's testimony. She stated that Taylor was "uncomfortable" having to make a decision about his plea without knowing what the victim's testimony would entail, but ultimately chose, of his own volition, to enter a no contest plea.

¶8 The State also reminded the circuit court that "[t]his case has been dragging on for almost two years. The [S]tate has been ready for trial on six prior dates. And we've drug [the victim] through the system preparing her for trial every time."

¶9 The circuit court denied Taylor's motion to withdraw his plea. The circuit court stated that it reviewed the extensive case history, the plea colloquy, and the totality of the circumstances, and could not find a "manifest injustice" warranting plea withdrawal. The circuit court also noted that "the [S]tate would have been prejudiced or would be prejudiced given the passage of time and the impact it would have on the victim and the victim's ability to recall facts. And it certainly would be punitive to that child's development."

¶10 The circuit court ultimately sentenced Taylor to a fifteen-year term of imprisonment, bifurcated as six years of initial confinement and nine years of extended supervision, concurrent to any other sentence he was then serving. This appeal follows.

## DISCUSSION

¶11 On appeal, Taylor contends that the circuit court erroneously denied his presentence motion to withdraw his plea because Taylor established a fair and just reason to withdraw his plea in that the plea was rushed and entered in haste. Taylor also contends that the circuit court applied the wrong legal standard when

5

denying his motion, that the circuit court erroneously determined that the State would be substantially prejudiced by Taylor's plea withdrawal, and that the circuit court's decision was not supported by the record.

¶12     A circuit court's discretionary decision to deny plea withdrawal will be upheld on appeal when "the circuit court reached a reasonable conclusion based on the proper legal standard and a logical interpretation of the facts." *State v. Kivioja*, 225 Wis. 2d 271, 284, 592 N.W.2d 220 (1999). "While courts should liberally grant plea withdrawal prior to sentencing, withdrawal is not automatic." *State v. Leitner*, 2001 WI App 172, ¶24, 247 Wis. 2d 195, 633 N.W.2d 207. The request to withdraw a guilty plea prior to sentencing may be granted where the defendant proves by a preponderance of the evidence that a fair and just reason exists for doing so. *Id.*, ¶26. A "fair and just" reason means some adequate reason for a defendant's change of heart other than the desire to have a trial. *Id.*, ¶25. Once the defendant has met his or her burden, the circuit court should grant the motion for plea withdrawal unless there is substantial prejudice to the prosecution. *Kivioja*, 225 Wis. 2d at 283-84.

¶13     Here, the circuit court stated that Taylor could not establish a manifest injustice warranting plea withdrawal, and determined that plea withdrawal would result in substantial prejudice to the State. We conclude that, while the circuit court may have misspoken during the course of its oral recitation of the standard,[2] its statements taken as a whole demonstrate its understanding and application of the

---

[2] Different standards apply depending on when the motion is made. A presentence motion to withdraw a guilty plea required Taylor to give a "fair and just reason" and was subject to the existence of no substantial prejudice to the State. *See State v. Shanks*, 152 Wis. 2d 284, 288-89, 448 N.W.2d 264 (Ct. App. 1989). A post-sentence motion to withdraw a guilty plea requires a showing of "manifest injustice." *State v. Booth*, 142 Wis. 2d 232, 237, 418 N.W.2d 20 (Ct. App. 1987).

correct legal standard. *See id.* at 287 (stating that when the circuit court applies the wrong legal standard to a case, the appellate court will not reverse the erroneous exercise of the circuit court's discretion where the appellate court finds that the facts of the record, applied to the correct legal standard, support the circuit court's conclusion based on a rational conclusion that a reasonable judge could reach). We conclude that the circuit court properly exercised its discretion in determining that there would be substantial prejudice to the State if Taylor were to withdraw his plea.[3]

¶14 In making this determination, the circuit court took note of the victim's young age, a letter from the case worker, the victim's ability to recall the details of her assaults, and the impact on the victim's development. The circuit court was familiar with the facts of this case and was aware of the record.

¶15 The record reveals that the victim was six years old when she first reported the assaults and Taylor was charged. A letter from the victim's case worker detailed the impact of Taylor's court proceedings on the victim. The letter detailed the victim's confusion over why Taylor was not in prison for the harm he caused her, the victim's relief when Taylor pled no contest, and the victim's bravery when having to go to court on multiple occasions. The letter indicated that the victim would do her utmost to recall details of the assaults if Taylor's plea was withdrawn, but that she would undergo tremendous stress if forced to testify.

¶16 The record also reveals that Taylor's case was scheduled for trial six times, but that his dissatisfaction with multiple lawyers led to multiple delays

---

[3] The parties disagree as to whether the State conceded a fair and just reason for Taylor's plea withdrawal, however, we need not address this argument because even if Taylor did establish a fair and just reason for plea withdrawal, he cannot rebut evidence of substantial prejudice to the State.

spanning nearly two years. Taylor entered his no contest plea under the guidance of his fourth appointed counsel. The State indicated that it spent considerable time preparing for trial numerous times and that it feared the victim's ability to recall pertinent details should Taylor withdraw his plea and the matter again be scheduled for trial.

¶17    "In light of the facts of the record, as well as the recognition of the effects of protracted criminal proceedings on the victim's memory, we determine that the circuit court properly concluded the State would suffer substantial prejudice as a result of [Taylor's] plea withdrawal." *See State v. Bollig*, 2000 WI 6, ¶46, 232 Wis. 2d 561, 605 N.W.2d 199 (where the defendant's repeated dismissal of appointed counsel led to trial delays and the defendant attempted to withdraw his plea prior to sentencing, it was reasonable for the circuit court to consider the length of the delay and the effect of the delay on the victim's memory in denying the motion to withdraw, despite the existence of a fair and just reason for plea withdrawal). It is "reasonable [for the circuit court] to consider the impact a plea withdrawal would have on the child victim, the State's key witness." *Id.* The circuit court properly exercised its discretion.

¶18    For the foregoing reasons, we affirm.

*By the Court.*—Judgment affirmed.

Not recommended for publication in the official reports.