STATE of Wisconsin, Plaintiff-Respondent,

v.

Charles F. NAWROCKE, Defendant-Appellant.†

Court of Appeals

*No. 94–2900–CR. Submitted on briefs March 15, 1995.—Decided April 4, 1995.*

(Also reported in 534 N.W.2d 624.)

†Petition to review denied.

374

On behalf of the defendant-appellant, the cause was submitted on the brief of *Alexander E. Brown* of *Drager, O'Brien, Anderson, Burgy & Garbowicz* of Eagle River.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Michael R. Klos,* assistant attorney general.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. Charles Nawrocke appeals a judgment of conviction of second-degree sexual assault of a child, contrary to § 948.02(2), STATS. Nawrocke con-

tends the trial court erred when it considered his motion to withdraw his *Alford*[1] plea from a post-sentence perspective. Because we conclude that the motion to withdraw the plea was after a sentencing that was never vacated and that the trial court properly exercised its discretion, we affirm.

In October 1993, J.P.P. (D.O.B. 6-13-80) was baby-sitting Nawrocke's children. When it was the children's bedtime, Nawrocke asked J.P.P. to lie in the bed next to his child to help the child go to sleep. Afterwards, Nawrocke asked J.P.P. to come into the living room. He then allegedly pulled down her shorts and panties and pushed her to the floor. J.P.P. then alleged that Nawrocke pulled down his pants, got on top of her and inserted his penis inside of her. Further allegations state that Nawrocke then grabbed the juvenile, opened her blouse and brassiere and tried to kiss her. He told her to take off the second half of school the next day so they could have sex again. J.P.P. refused and Nawrocke consequently threatened her if she told anyone about what happened.

Consequently, J.P.P. and her mother met with the police and a complaint was filed charging Nawrocke with one count of sexual intercourse with a child who had not attained the age of sixteen years, in violation of § 948.02(2), STATS., and one count of knowingly and maliciously attempting to intimidate a victim from reporting a crime to law enforcement officials, in violation of § 940.45(3), STATS. Following the preliminary hearing, an information was filed which included two

---

[1] Pursuant to *North Carolina v. Alford,* 400 U.S. 25 (1970), pleas may be entered when a defendant accepts the conviction, but maintains innocence. We adopted this conditional plea in *State v. Johnson,* 105 Wis. 2d 657, 314 N.W.2d 897 (Ct. App. 1981).

additional charges; two counts of sexual contact with a child who has not attained the age of sixteen years, in violation of § 948.02(2).

In March 1994, Nawrocke entered an *Alford* plea to one charge of sexual assault. The State dismissed the other three counts, as well as an unrelated bail jumping charge. Thereafter, the trial court explained to Nawrocke the *Alford* decision and its application; that although Nawrocke was maintaining his innocence, the court would find Nawrocke guilty upon his plea. The trial court also reviewed Nawrocke's plea, specifically the elements of the sexual assault offense and the constitutional rights waived by the plea. To support the *Alford* plea, the district attorney offered preliminary hearing testimony, which included the juvenile's "excited utterance" statement, incriminating admissions made by Nawrocke and J.P.P.'s medical records from the night of the alleged assault. The trial court concluded that there was strong evidence of guilt to support Nawrocke's plea.

In April 1994, the trial court sentenced Nawrocke to a prison term of six years and the judgment of conviction was entered. During sentencing, J.P.P.'s guardian ad litem handed the district attorney a note written by J.P.P., which the district attorney did not read until after sentencing. The note's content implied that J.P.P. consented to the sexual contact.

Shortly thereafter, defense counsel was notified of the note and filed a motion to resentence, alleging that new information provided to the defense would be relevant to the trial court's sentence determination. At this time, Nawrocke did not move to withdraw the plea. The trial court ruled that J.P.P.'s note constituted a new factor to reconsider sentencing under *Rosado v. State,* 70 Wis. 2d 280, 234 N.W.2d 69 (1975). Although

Nawrocke's first sentence was never expressly vacated, the trial court set a resentencing hearing after the presentence investigator re-examined the case.

In June 1994, defense counsel filed a motion to withdraw the plea. This motion alleged that J.P.P.'s note was exculpatory in nature.[2] The motion also purported that the lesser standard of review for a plea withdrawal should apply because it was filed before the second sentencing.

Although the hearing was initially set to reconsider sentencing due to J.P.P.'s note, the subsequent motion required the court to consider Nawrocke's request for a plea withdrawal. The trial court ruled that the higher burden of proof would be applied to the plea withdrawal because Nawrocke had already been sentenced. After reviewing the evidence and applying the "manifest injustice" standard, the court denied Nawrocke's motion to withdraw his *Alford* plea. At resentencing, the trial court adopted and expanded its reasoning of the first sentencing hearing and affirmed the original sentence of six years in the state prison system. Nawrocke appeals.

A defendant may withdraw a presentence plea for any "fair and just" reason. *State v. Canedy,* 161 Wis. 2d 565, 582, 469 N.W.2d 163, 170 (1991). This is not an absolute right; the defendant has the burden of showing the "fair and just reason" by a preponderance of the evidence. *Id.* at 582-83, 469 N.W.2d at 170-71.

However, after sentencing the criterion of "manifest injustice" is required to withdraw a plea. *State v.*

---

[2] We recognize that consent is not an element of the crime of sexual contact with a child under the age of sixteen. Section 948.02(2), STATS.

*Truman,* 187 Wis. 2d 621, 624, 523 N.W.2d 177, 178 (Ct. App. 1994). The "manifest injustice" test is rooted in concepts of constitutional dimension, requiring the showing of a serious flaw in the fundamental integrity of the plea. *Libke v. State,* 60 Wis. 2d 121, 128, 208 N.W.2d 331, 335 (1973). Defendants seeking a post-sentence withdrawal must show the manifest injustice by clear and convincing evidence. *Truman,* 187 Wis. 2d at 624, 523 N.W.2d at 179.

In the context of § 974.06, STATS., postconviction procedures, our supreme court articulated the reasoning behind the higher burden of clear and convincing evidence:

> The rationale behind the use of this higher standard of proof is that once the guilty plea is entered the presumption of innocence is no longer applicable, and when the record on its face shows that the defendant was afforded constitutional safeguards, the defendant should bear the heavier burden of showing that his plea should be vacated. Once the defendant waives his constitutional rights and enters a guilty plea, the state's interest in finality of convictions requires a high standard of proof to disturb that plea.

*State v. Walberg,* 109 Wis. 2d 96, 103, 325 N.W.2d 687, 691 (1982) (footnote omitted). We adopted this reasoning in the specific context of postsentence motions to withdraw pleas in *State v. Krieger,* 163 Wis. 2d 241, 249-50, 471 N.W.2d 599, 602 (Ct. App. 1991).

In the context of the manifest injustice standard, we have explained that "disappointment in the eventual punishment imposed is no ground for withdrawal of a guilty plea." *State v. Booth,* 142 Wis. 2d 232, 237, 418 N.W.2d 20, 22 (Ct. App. 1987). Basically, the

higher burden is a deterrent to defendants testing the waters for possible punishments. *See id.*

In a discussion of the "fair and just" and "manifest injustice" standards, the Supreme Court of West Virginia succinctly articulated the justification for the difference.

> The basis for the distinction between these two rules is three-fold. First, once sentence is imposed, the defendant is more likely to view the plea bargain as a tactical mistake and therefore wish to have it set aside. Second, at the time the sentence is imposed, other portions of the plea bargain agreement will often be performed by the prosecutor, such as the dismissal of additional charges or the return or destruction of physical evidence, all of which may be difficult to undo if the defendant later attacks his guilty plea. Finally, a higher post-sentence standard for withdrawal is required by settled policy of giving finality to criminal sentences which result from a voluntary and properly counseled guilty plea.

*State v. Olish,* 266 S.E.2d 134, 136 (W. Va. 1980).

██

After an examination of the procedural posture of the motion to withdraw the *Alford* plea, it is apparent that the trial court did not vacate the original sentence, although the court characterized the procedure as resentencing. The manifest injustice standard is applicable here because the motion to withdraw the plea was filed after a sentencing decision had been made and that decision had not been reversed, vacated or nullified by the court. Further, Nawrocke benefits from the knowledge of the original six-year sentence and the prosecutor's reliance on this sentence. Thus, consistent with the policy reasons surrounding the higher burden

380

of proof, including the State's interest in the finality of convictions, Nawrocke must show a manifest injustice in order to have his plea withdrawn.

Newly discovered evidence may create a "manifest injustice," if minimum criteria are met. *Krieger,* 163 Wis. 2d at 255, 471 N.W.2d at 604. We defer the withdrawal of a plea under the manifest injustice standard to the trial court's discretion. *Booth,* 142 Wis. 2d at 237, 418 N.W.2d at 22. We will affirm the trial court's exercise of its discretion if the record shows that the court correctly applied the legal standards to the facts and reached a reasoned conclusion. *Loy v. Bunderson,* 107 Wis. 2d 400, 414-15, 320 N.W.2d 175, 184 (1982).

The trial court looked at the newly discovered evidence, J.P.P.'s note, and applied the appropriate factors, per *State v. Coogan,* 154 Wis. 2d 387, 394-95, 453 N.W.2d 186, 188 (Ct. App. 1990), concluding that Nawrocke did not fulfill the minimum criteria. Specifically, the court concluded that there was no reasonable probability that a different result at trial would occur due to the irrelevancy of consent in the sexual assault of a child under sixteen years old. We conclude that the trial court used the correct legal standard, applying the standard to the facts of the case and reached a conclusion that a reasonable judge would reach.

*By the Court.*—Judgment affirmed.