STATE of Wisconsin, Plaintiff-Appellant,†

v.

Jonathan V. MANKE, Defendant-Respondent.

Court of Appeals

*No. 98–2545–CR. Submitted on briefs July 30, 1999.—Decided September 8, 1999.*

(Also reported in 602 N.W.2d 139.)

†Petition to review denied.

421

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *James E. Doyle*, attorney general and *Thomas J. Balistreri*, assistant attorney general.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Waring R. Fincke* of West Bend.

Before Nettesheim, Anderson and Snyder, JJ.

ANDERSON, J.   The State appeals from an order allowing Jonathan V. Manke to withdraw his plea of no contest to recklessly endangering safety contrary to § 941.30(1), STATS. It contends that the trial court erred by applying the fair and just standard when evaluating Manke's request to withdraw his plea. We disagree and affirm.

After being charged with recklessly endangering safety and endangering safety by negligent use of a dangerous weapon, *see* §§ 941.20(1)(a) and 941.30(1), STATS., Manke entered into a plea agreement with the State. Pursuant to this plea agreement, Manke agreed to plead *no contest to the recklessly endangering safety* charge and the State agreed to dismiss the other charge. The State also agreed to "stand silent" when asked by the court to make a specific sentencing recommendation.

At the sentencing hearing, the prosecuting attorney informed the court that "I think [Manke is] a time bomb ready to explode, incarceration is the only way we can protect this community. . . . I would ask that the Court incarcerate [Manke]." The prosecutor did not make any recommendations about the length of incarceration to be given Manke. The court sentenced Manke to five years in prison.

After sentencing, Manke moved to withdraw his plea or, alternatively, to be resentenced before a different judge. He argued that he was entitled to withdraw his plea because the State had breached the plea agreement by recommending incarceration at the sentencing hearing. In the plea agreement, the State had agreed to remain silent and not make a specific sentencing recommendation, which Manke argued it failed to do.

Because the State's breach was material and substantial, Manke contended he did not receive the benefit of his bargain and was entitled to withdraw his plea. The court agreed and ordered that Manke should be resentenced before a new judge.

Now proceeding before a different judge, Manke filed his second motion to withdraw his plea. In this motion, he asserted that he was "confused about his options . . . and the likely outcome . . . of his no contest plea" and should be permitted to withdraw that plea. The parties disputed which standard the court should apply to evaluate the sufficiency of this motion. Manke contended that the fair and just reason standard was appropriate. The State disagreed, arguing that because Manke's sentence was not vacated, the higher, post-sentencing standard should apply. This higher standard would require that Manke show a manifest injustice. The court held in favor of Manke. It determined that because Manke's sentence had been vacated, the fair and just test applied to his motion and Manke had met that test. The court issued an order permitting Manke to withdraw his plea. The State appeals.

■

The parties' primary dispute is about the appropriate standard for the court to apply to Manke's plea withdrawal request. When making a determination on whether to permit a plea withdrawal, we adhere to the following guidelines. A court should freely allow a defendant to withdraw a guilty plea for any "fair and just reason." *See State v. Canedy*, 161 Wis. 2d 565, 582, 469 N.W.2d 163, 170 (1991). Withdrawal of a plea before sentencing is not an absolute right, but contemplates that the defendant will show some adequate reason for his or her change of heart. *See id.* at 583, 469

N.W.2d at 170. The defendant carries the burden of proving by a preponderance of the evidence that he or she seeks the plea withdrawal for a fair and just reason. *See id.* at 583–84, 469 N.W.2d at 171.

However, after sentencing, the criterion of "manifest injustice" is required to withdraw a plea. *See State v. Truman*, 187 Wis. 2d 622, 625, 523 N.W.2d 177, 178 ( Ct. App. 1994). The manifest injustice standard requires the showing of a serious flaw in the fundamental integrity of the plea. *See Libke v. State*, 60 Wis. 2d 121, 128, 208 N.W.2d 331, 335 (1973). Defendants seeking a postsentence plea withdrawal must demonstrate a manifest injustice by clear and convincing evidence. *See Truman*, 187 Wis. 2d at 625, 523 N.W.2d at 179. We have determined that this standard cannot be met by a defendant's disappointment in the punishment received. *See State v. Booth*, 142 Wis. 2d 232, 237, 418 N.W.2d 20, 22 (Ct. App. 1987). This higher burden serves as a deterrent to impede defendants from testing the waters for possible punishments. *See id.*

We defer to the trial court's ruling on a motion to withdraw a plea if that court correctly exercised its discretion. *See State v. Garcia*, 192 Wis. 2d 845, 861, 532 N.W.2d 111, 117 (1995). This requires that when applying its discretion the court based the determination upon facts in the record and relied on the appropriate law. *See id.*

The State argues that the trial court erred in applying the fair and just standard to Manke's plea withdrawal request. More specifically, it contends that Manke's motion was filed after his sentencing and requires a manifest injustice test. Lastly, the State posits that Manke failed to show clear and convincing

evidence that the plea withdrawal was necessary to correct a manifest injustice.

Before considering if Manke met his burden of proof, our initial determination must be which is the correct standard to apply when evaluating his plea withdrawal motion. To do so, we will briefly recapitulate the pertinent procedural history. Manke pled no contest to the charge and was sentenced. He subsequently filed his first motion to withdraw his plea. In this motion, he also requested that in the alternative of the court allowing him to withdraw his plea, the court should order that he be resentenced before a different judge. The court granted the latter request. Manke again moved to withdraw his plea, which was granted, resulting in this appeal.

Manke contends that manifest injustice is not the appropriate test. In support, he relies on *State v. Nawrocke*, 193 Wis. 2d 373, 534 N.W.2d 624 (Ct. App. 1995). There, we stated: "The manifest injustice standard is applicable here because the motion to withdraw the plea was filed after a sentencing decision had been made and that decision had not been reversed, vacated or nullified by the court." *Id.* at 380, 534 N.W.2d at 627. Manke admits that his second motion was filed after sentencing, but, unlike the defendant in *Nawrocke*, his sentence *was* subsequently vacated.

The State disagrees. It contends that although the sentencing judge ordered that Manke be resentenced, the judge never expressly vacated the original sentence. Contrary to the State's representations, it is apparent from the record that the trial court did vacate Manke's original sentence before sending the case on for resentencing. The resentencing court determined that the sentence had been vacated during the hearing on this motion:

> [I]t appears that we're here prior to conviction or according to the docket sheet. . . . [The] Court orders judgment vacated and defendant remanded to Ozaukee County Jail pending resentencing.
>
> . . . .
>
> I do find that [the sentencing judge] did vacate [Manke's] sentence on the basis that the plea agreement was not fulfilled by the prosecution and remand[ed] the matter to this Court for resentencing. I do find that under the circumstances that the fair and just reason test is the test that applies . . . . We're back in the same situation as we were before the defendant was sentenced.

The court's reliance on the docket sheet in the record to make this determination is not erroneous. The State does not submit any evidence supporting its position that the court's inference is error. That being so, we are bound to affirm the court's findings unless we are shown credible evidence in the record supporting the contrary view. *See Gianoli v. Pfleiderer*, 209 Wis. 2d 509, 532, 563 N.W.2d 562, 571 (Ct. App. 1997).

Having concluded that the sentence was vacated, we agree with the court's application of the presentencing standard—a fair and just reason—to Manke's plea withdrawal motion. The State contends that the court failed to identify the specific fair and just reason it relied on when granting Manke's motion. In such a circumstance, we are obliged to search the record for facts supporting the court's discretionary act. *See Mc Cleary v. State,* 49 Wis. 2d 263, 282, 182 N.W.2d 512, 522 (1971).

428

In his motion, Manke presented these reasons for seeking to withdraw his plea. He maintained that he misunderstood the consequences of his plea, was confused about the options available to him and failed to withdraw his plea earlier because of misleading advice from his attorneys. Indeed, these assertions may be grounds for a plea withdrawal. Under the fair and just reason standard, a plea may be withdrawn if the defendant misunderstands the consequences of that plea. *See Dudrey v. State*, 74 Wis. 2d 480, 485, 247 N.W.2d 105, 108 (1976). Also, another sufficient ground for plea withdrawal may be confusion resulting from misleading advice from the defendant's attorney. *See Libke*, 60 Wis. 2d at 129, 208 N.W.2d at 335. We will now independently review the evidence Manke presented to the court in support of his motion.

At the motion hearing, Manke testified that he "felt [he] was illinformed" by his attorneys about his ability to later withdraw his plea. He stated that he was confused about what possible options were available to him. He also averred that he had earlier wanted to withdraw his plea and pursue a self-defense claim but was discouraged from doing so by his attorneys.

Additionally, during his testimony at the motion hearing, Manke's first attorney affirmed Manke's statements. The attorney testified that Manke "continuously asserted a self-defense claim." He also stated that on several occasions he was prevented from attending appointments with Manke because of the attorney's family and health problems. Two days before the status hearing when Manke entered his plea, his attorney stated that he briefly informed Manke of the plea agreement and the options for plea withdrawal. Manke's attorney did not discuss the matter with him

again before he entered his plea. Manke testified that his impression was that he could withdraw his plea if the presentence report were unfavorable.

We are convinced that the record supports the trial court's conclusion that Manke presented a fair and just reason to withdraw his plea. Manke presented evidence that he misunderstood his plea and received misleading advice from his attorneys; such evidence sufficiently satisfies the fair and just reason test. Moreover, whether these assertions constituted a fair and just reason for Manke's change of heart was up to the discretion of the trial court. *See Canedy*, 161 Wis. 2d at 584, 469 N.W.2d at 171. "While we recognize that another judge or another court may not have reached the same conclusion in this case, it is not our function to take on the role of the trier of fact." *Id.* at 586, 469 N.W.2d at 172. We conclude that there was no erroneous exercise of discretion in this case.

*By the Court.*—Order affirmed.