**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 20, 2012[*]
Decided January 20, 2012

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-3318

| | |
|---|---|
| JOHN LAVIN, | Appeal from the United States District |
| *Petitioner-Appellant.* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 04 C 5175 |
| DAVE REDNOUR, | |
| *Respondent-Appellee.* | Joan B. Gottschall, *Judge.* |

**O R D E R**

John Lavin, an Illinois state prisoner serving a 40-year sentence for attempted first-degree murder, appeals the denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court granted a certificate of appealability on three issues: (1) whether the trial evidence supports Lavin's conviction for attempted murder, (2) whether his

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

sentence violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and (3) whether trial counsel was ineffective. We affirm.

Lavin consented to a bench trial after being indicted for attempted murder, aggravated battery, and aggravated battery of a senior citizen. The victim, 81-year-old Gilbert Costello, testified at trial that he was brutally attacked in early 1997 and sustained significant injuries. An eyewitness fingered Lavin, then in his late 30s, as the assailant and testified that the two men had pushed each other before Lavin punched Costello in the face, knocking him to the ground. As Costello lay on the ground, the witness said, Lavin stomped on "something" three times. The witness went over to Costello and saw that his "face was pretty messed up" and his mouth "full of blood." This account was corroborated by a paramedic and a police officer, who described Costello's face as swollen and bloody. Costello was hospitalized for nearly two months and, upon his release, moved into a nursing home, having suffered damage to his mobility, speech, and memory.

Lavin's defense at trial was that the prosecution had mistakenly targeted him as the attacker, though he could not implicate anyone else. He had seen Costello lying on the ground, he testified, and tried to help him but backed off after the eyewitness accused him of attacking Costello. The eyewitness, however, identified in open court Lavin as the assailant, and the state produced stipulated testimony by a forensic scientist that DNA from blood on Lavin's boots was consistent with Costello's.

The trial court found Lavin guilty of attempted murder, concluding that he inflicted Costello's injuries and had specific intent to kill. That intent was evident, the court found, from the disparity in size and age between the two men—Lavin was not only more than 40 years younger than Costello but also appeared to be about 70 pounds heavier. The court also emphasized the aggravated nature of the attack: Lavin "stomped" Costello three times with his heel. One, maybe even two, of those stomps might be attributed to "rage," the court said, but the third stomp amounted to attempted murder. The court later sentenced Lavin to 40 years' imprisonment for attempted murder, extending the term beyond the 30-year statutory maximum, as permitted by 730 ILCS 5/5-8-2 (1998), because Lavin's victim was more than 60 years old, *see id.* 5/5-5-3.2(b)(4)(ii) (1998).

On direct appeal, the Illinois Appellate Court rejected Lavin's arguments that (1) the evidence did not support a finding that he had an intent to kill and (2) his extended-term sentence violated *Apprendi* because the victim's age had not been proven beyond a reasonable doubt. The Illinois Supreme Court denied Lavin's petition for leave to appeal.

Lavin petitioned for state postconviction relief, *see* 725 ILCS 5/122-1, alleging that his trial counsel provided ineffective assistance by failing to raise the defense of voluntary

intoxication. At the time of Lavin's trial, voluntary intoxication was a defense under Illinois law if it rendered a defendant unable to form specific intent. 720 ILCS 5/6-3 (1998). Witnesses at trial testified that Lavin seemed drunk the night of the attack, and Lavin said at sentencing that he "drank more than five 40 ounces that day." But at trial Lavin had testified that he drank only "two 40-ouncers"—the last one more than four hours before the attack—and was not under the influence of alcohol by the time of the attack. The state trial court denied the postconviction petition, noting that Lavin's trial attorney strategically chose to forego a voluntary-intoxication defense in order to pursue one of mistaken identity. According to the court, the defenses of voluntary intoxication and mistaken identity are "mutually exclusive," and counsel "had to pick one theory to go forward with." The court thus found that Lavin had not shown deficient performance or prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984).

Lavin appealed this ruling, and his counsel moved to withdraw. After reviewing the record and Lavin's pro se responses, the Illinois Appellate Court found no issues of arguable merit, granted counsel's motion to withdraw, and affirmed the trial court's judgment. The Illinois Supreme Court denied leave to appeal. Lavin then rehashed his *Apprendi* claim in a second petition for relief, which the trial court construed as a successive petition for postconviction relief and summarily dismissed. The Illinois Appellate Court affirmed that judgment, and the Illinois Supreme Court again denied leave to appeal.

Lavin next petitioned in federal court for a writ of habeas corpus, asserting among other claims the three that form the basis of this appeal. The district court denied the petition on all three claims. First, the court concluded that the Illinois Appellate Court was not "unreasonable in inferring that Lavin intended to kill Costello at the time of the assault." Second, the court rejected Lavin's *Apprendi* argument, concluding that the Illinois Appellate Court had reasonably denied that argument because the trial court found beyond a reasonable doubt that the victim was more than 60 years old. Third, the court found trial counsel's decision to pursue a mistaken-identity defense "easily justifiable" because only one eyewitness claimed to have seen Lavin attack Costello, and mistaken identity, unlike intoxication, "would have resulted in acquittal as to all of the charges against Lavin."

Our review is constrained by the Antiterrorism and Effective Death Penalty Act of 1996. 28 U.S.C. § 2254(d). We may grant Lavin's petition for relief only if the state courts' adjudication of his claims on the merits was contrary to clearly established precedent from the Supreme Court, was an unreasonable application of that precedent, or was based on an unreasonable determination of the facts in light of the evidence. *See id.* § 2254(d)(1) & (2); *Harrington v. Richter*, 131 S. Ct. 770, 785 (2011); *Morales v. Johnson*, 659 F.3d 588, 599 (7th Cir. 2011).

Lavin first contends that there is insufficient evidence that he had specific intent to kill, an essential element of attempted first-degree murder in Illinois. *See People v. Hopp*, 805 N.E.2d 1190, 1197 (Ill. 2004). His conviction, he argues, should have been overturned under *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), which requires reviewing courts to ask whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *See United States v. Holstein*, 618 F.3d 610, 612 (7th Cir. 2010).

But the state court's decision did not run afoul of *Jackson*. Under Illinois law, specific intent to kill may be inferred from surrounding circumstances, including the character of an attack, the extent of a victim's injuries, or even a disparity in size or strength between victim and attacker. *See Nelson v. Thieret*, 793 F.2d 146, 148 (7th Cir. 1986); *People v. Williams*, 649 N.E.2d 397, 403 (Ill. 1995); *People v. Scott*, 648 N.E.2d 86, 89 (Ill. App. Ct. 1994). As the Illinois Appellate Court noted, the trial judge here based his decision to convict Lavin on his greater size and age as well as the aggravated nature of the attack. And Costello's injuries were extensive and permanent. Lavin asserts that nobody saw him stomp Costello (the eyewitness saw him stomp merely "something") and that no medical evidence proves that he trampled upon Costello. But the trial judge, as trier of fact, reasonably inferred that Lavin stomped on Costello, and the appellate court, required to view the evidence in the light most favorable to the prosecution, did not violate *Jackson* by upholding that decision.

Lavin next argues that the state trial court erroneously deprived him of his right to a jury under *Apprendi*, 530 U.S. at 490, when it engaged in judicial factfinding by increasing his sentence beyond the statutory maximum. There are two preliminary problems with this argument. First, Lavin consented to a bench trial, so *Apprendi* requires only that the trial judge found beyond a reasonable doubt any fact relied on to increase the sentence above the statutory maximum. *See Mack v. McCann*, 530 F.3d 523, 536 (7th Cir. 2008); *Jones v. Hulick*, 449 F.3d 784, 791 (7th Cir. 2006); *United States v. Brough*, 243 F.3d 1078, 1078–79 (7th Cir. 2001). Second, although Lavin now challenges all the aggravating factors applied to his sentence, in state court he limited his *Apprendi* claim to challenging the sentencing increase based on his victim's age. He did not raise his additional *Apprendi* arguments first in state court, so they are procedurally barred. *See Ward v. Jenkins*, 613 F.3d 692, 696 (7th Cir. 2010); *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010).

Lavin reiterates that the trial judge did not find beyond a reasonable doubt that Costello was more than 60 years old. We note that there was some confusion in the state-court decisions: the trial judge said during the guilt phase that the charge of battery of a senior citizen "merge[d]" with attempted murder—even though that charge has an additional element, the victim being 60 or older. The state appellate court apparently overlooked this misstatement and reasoned that the trial judge, by finding Lavin guilty of battery of a senior citizen, necessarily found beyond a reasonable doubt that Costello was 60

or older. Significantly, however, the appellate court also highlighted the judge's remark at the guilt phase "that the victim was over 80 at the time of the attack," and the trial judge himself commented at sentencing that Costello was more than 80 years old "as a matter of fact in this case." In any event, Costello's age was never seriously in dispute, as the government notes, so any potential error is at most harmless. *See Washington v. Recuenco*, 548 U.S. 212, 222 (2006); *United States v. Hollingsworth*, 495 F.3d 795, 806 (7th Cir. 2007).

Finally, Lavin argues that his trial counsel was ineffective for failing to raise the defense of voluntary intoxication. To prevail, Lavin must show that the state appellate court unreasonably applied *Strickland* in evaluating the reasonableness of and prejudice caused by his counsel's performance. *Harrington*, 131 S. Ct. at 788; *Morgan v. Hardy*, No. 10-3155, 2011 WL 5319665, at *9 (7th Cir. Nov. 7, 2011). Lavin cannot make that showing. The state appellate court, after reviewing the record as well as Lavin's postconviction petition, reasonably found that this issue lacked merit. There is no evidence to overcome the presumption that Lavin's counsel exercised sound trial strategy. *See Yu Tian Li v. United States*, 648 F.3d 524, 528 (7th Cir. 2011). Not only would an intoxication defense conflict with the mistaken-identity defense that counsel chose to pursue, but intoxication would not have even been a defense to aggravated battery. *See People v. Rodgers*, 780 N.E.2d 352, 356 (Ill. App. Ct. 2002). Moreover, the intoxication defense would have been at odds with Lavin's testimony that he was not under the influence of alcohol at the time of the attack. As we have said, "[i]t is difficult to see how a collateral attack based on the proposition that the petitioner's own trial testimony was a pack of lies has any prospect of success." *Escamilla v. Jungwirth*, 426 F.3d 868, 870 (7th Cir. 2005).

**AFFIRMED**.